COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                      NOS.
02-07-327-CR 

     
02-07-328-CR

 

VERNON RAY SPAW A/K/A VERNON SPAW                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Vernon Ray Spaw entered open pleas of guilty
to burglary of a habitation and felon in possession of a firearm, and he
pleaded true to the deadly weapon finding and to the repeat offender
notice.  The trial court accepted his
pleas and subsequently assessed punishment at forty years=
confinement for the burglary offense[2]
and ten years= confinement for the felon in
possession of a firearm offense.[3]  In three points, Spaw now appeals these
convictions.  We affirm.

Spaw=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, this appeal is
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California[4]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  We
gave Spaw the opportunity to file a pro se brief, and he has filed one.[5]








As the reviewing court, we must conduct an independent
evaluation of the record to determine whether counsel is correct in determining
that the appeal is frivolous.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v.
State, 904 S.W.2d 920, 923 (Tex. App.CFort Worth 1995,
no pet.).  Only then may we grant counsel=s motion to
withdraw.  See Penson v. Ohio, 488
U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).  Because Spaw entered an open plea of guilty,
our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of Spaw=s plea, error that
is not independent of and supports the judgment of guilt, and error occurring
after entry of the guilty plea.  See
Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young v.
State, 8 S.W.3d 656, 666B67 (Tex. Crim.
App. 2000).

We have carefully reviewed the record, including the sealed
presentence investigation report, counsel=s brief, Spaw=s pro se brief,
and the State=s brief. 
We agree with counsel that this appeal is wholly frivolous and without
merit.  We find nothing in the record
that might arguably support the appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex. Crim.
App. 2005); accord Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex. Crim.
App. 2006).  We therefore grant
counsel=s motion to
withdraw and affirm the trial court=s judgment.








PER
CURIAM

 

PANEL: MCCOY, LIVINGSTON,
and DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: December 31,
2008

 











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 30.02 (Vernon 2003)
(burglary of a habitation offense); see id. '' 12.32, 12.42(b)
(Vernon Supp. 2008) (punishment range for enhanced second-degree felony is five
to ninety-nine years= confinement).





[3]See id. ' 46.04 (Vernon Supp.
2008) (felon in possession of firearm offense); id. ' 12.34 (punishment
range for third-degree felony is two to ten years= confinement).





[4]386 U.S. 738, 87 S. Ct.
1396 (1967).





[5]Spaw complains that the
trial court abused its discretion by allowing him to enter an open plea of
guilty without a competency hearing, that the State acted with prosecutorial
vindictiveness in seeking a higher sentence than that offered during plea
negotiations, and that he received ineffective assistance of counsel in the
trial court.  Notwithstanding the
standard of review that we must apply to this case, the record supports none of
these complaints.